# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BAUTISTA DESTARDE OSORIA, | Case No. 1:26-cv-01528-KES-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | |
| Respondents. | (ECF Nos. 1, 11) |
| | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| | (ECF No. 3) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting the petition for writ of habeas corpus, denying Respondents' motion to dismiss, and ordering Petitioner's immediate release.

**I.**

**BACKGROUND**

On April 6, 2023, Petitioner applied for admission into the United States. An immigration officer determined Petitioner did not possess documents valid to enter or reside in the United States. (ECF No. 12-1 at 2.[1]) Petitioner was served with Notice to Appear designating him as an

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

arriving alien that placed him into removal proceedings and was paroled into the United States for a year. (Id.; ECF No. 12-2.) On July 29, 2025, the Department of Homeland Security ("DHS") made an oral motion to dismiss the case so that DHS could process Petitioner for expedited removal under 8 U.S.C. §1225(b)(1). (ECF No. 12-3.) The immigration judge ("IJ") granted DHS's motion and reserved appeal on behalf of Petitioner. (ECF No. 12-4.) Petitioner was taken into custody that day and has remained detained since then. (ECF No. 1 at 5; ECF No. 12 at 2.) On August 22, 2025, the Board of Immigration Appeals ("BIA") received Petitioner's appeal of the dismissal of his immigration case, which remains pending. (ECF Nos. 12-5, 12-6.)

On February 23, 2026, Petitioner filed a petition for writ of habeas corpus, raising a prolonged detention due process claim. (ECF No. 1 at 6–16.) The Court also construed the petition "as raising a due process claim regarding Petitioner's re-detention." (ECF No. 7 at 1.) On March 11, 2026, Respondents filed a motion to dismiss all Respondents other than Petitioner's immediate custodian and a response to the petition. (ECF Nos. 11, 12.)

## II.

## DISCUSSION

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

### A. Motion to Dismiss

Respondents contend that "Petitioner inappropriately named respondents in addition to his immediate custodian. All named respondents besides Petitioner's immediate custodian must be stricken." (ECF No. 11 at 1.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024).

///

When a petition "presents both a core" challenge, such as seeking release from present physical confinement, "and a non-core habeas challenge," such as enjoining "re-detention absent written notice and a hearing prior to re-detention[,]" this Court has denied the government's motion to dismiss the remaining respondents because the immediate custodian "has only 'immediate physical custody of petitioner' but no outside immigration enforcement responsibilities, while the remaining respondents . . . would make the decision to re-detain" the petitioner. Sofor Njamitoh v. Cruz, No. 1:26-cv-01705-KES-SAB (HC), 2026 WL 701002, at *2 (E.D. Cal. Mar. 11, 2026). Although in Sofor Njamitoh the petition specifically requested the Court to enjoin the government respondents from re-detaining the petitioner absent written notice and a hearing prior to re-detention, the Court finds that denial of the motion to dismiss is warranted in this matter because Petitioner is proceeding without counsel, the petition requests the Court to "[o]rder all other relief that the Court deems just and proper," (ECF No. 1 at 17), and for the reasons set forth in sections II(C), *infra*, the undersigned is recommending that the Court enjoin Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Based on the foregoing, the undersigned recommends that Respondents' motion to dismiss be denied.

**B.  8 U.S.C. § 1225(b)(1)(A)**

Respondents assert that "Petitioner is subject to mandatory detention due to his status as an arriving alien under 8 U.S.C. § 1225(b)(1)(A). Under these circumstances, neither statute nor the Due Process Clause require Petitioner's release from custody. The Court should therefore deny the Petition." (ECF No. 12 at 4.) This Court has previously rejected a similar argument:

> Additionally, petitioner is not now subject to expedited removal, because she was paroled into the United States in 2022. Section 1225(b)(1), the expedited removal provision, applies to "an alien ... who is arriving in the United States or ... [a]n alien ... who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States

3

continuously for the 2-year period immediately prior to the date of the determination of inadmissibility ...." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II).

As someone who has been physically present in the United States for over two years, petitioner is not "an alien ... who is arriving in the United States." *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020) (explaining that a "person standing at the border is ... [at] the penultimate stage in the process of arriving in the United States" within the meaning of section 1225). And because petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A), she is not an "alien ... who has not been admitted or paroled ...." *Id.* The Court agrees with other courts which have found that a noncitizen who has been paroled into the United States cannot later be subject to expedited removal, even if their parole has expired or been terminated. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *21–27 (D.D.C. Aug. 1, 2025); *N.Y.V.D. v. Santracruz*, No. 5:25-CV-03404-WLH-SP, 2025 WL 3786964, at *3 (C.D. Cal. Dec. 23, 2025); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4–5 (N.D. Cal. Sept. 5, 2025).

Robles-Rodriguez v. Lyons, No. 1:25-CV-02001-KES-SAB (HC), 2026 WL 303482, at *3–4 (E.D. Cal. Feb. 4, 2026).

Similarly, here, Petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) in April 2023, has been physically present in the United States for over two years, and thus, cannot later be subject to expedited removal. Accordingly, the undersigned recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A).

**C. Procedural Due Process**

In the order to respond, the undersigned construed the petition "as raising a due process claim regarding Petitioner's re-detention." (ECF No. 7 at 1.) See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally."). "Respondents concede there are no material or factual differences between this case and some of the prior cases in which the Court has found that due process requires some form of pre-deprivation hearing prior to re-detaining a person previously . . . paroled into the United States." (ECF No. 12 at 2.)

Accordingly, for the reasons stated in R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the undersigned

recommends granting the petition on the construed due process claim regarding Petitioner's re-detention.[2]

### D. Appropriate Relief

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C., 2025 WL 3521304 (ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria, 2025 WL 3533606 (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G., 2025 WL 3523108 (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S., 2025 WL 3167826 (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents do not allege, and there is nothing in the record before this Court, that Petitioner violated his conditions of release. Respondents do not contend that Petitioner is a danger or flight risk. Accordingly, the Court finds that Petitioner's immediate release is the appropriate remedy.

---

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention claim.

**E. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's conclusion that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the construed due process claim challenging Petitioner's re-detention.

2. Respondents' motion to dismiss (ECF No. 11) be DENIED.

3. Respondents be directed to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his re-detention on July 29, 2025.

4. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Further, the Court HEREBY ORDERS that Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

6

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 17, 2026**__        ____/s/ Erica P. Grosjean____

UNITED STATES MAGISTRATE JUDGE