UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BAUTISTA DESTARDE OSORIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,<br><br>Respondents. | No.  1:26-cv-01528-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 11, 13 |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus, denying respondents' motion to dismiss, and ordering petitioner's immediate release.  Doc. 13.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On March 31, 2026, respondents filed timely objections.  Doc. 14.

Respondents raise three objections.  Their first objection, that 8 U.S.C. § 1225(b)(1) governs petitioner's detention, is incorrect for the reasons stated in the F&R.  Doc. 13 at 3–4.

1

Respondents' two-sentence objection does not meaningfully address the findings and recommendations' analysis on this point.

Respondents' second objection, that *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc), forecloses petitioner's due process claim, is incorrect for the reasons addressed in *R.A.N.O. v. Wofford*, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507, at *2–4 (E.D. Cal. Jan. 6, 2026). The findings and recommendations similarly relied on that case in analyzing petitioner's procedural due process claim, *see* Doc. 13 at 4, and respondents fail to address that case in their objections.

Respondents' third objection, that petitioner should not be immediately released and should instead receive only a bond hearing, is unpersuasive. As this Court held in *R.A.N.O. v. Wofford*, 2026 WL 40507, petitioner should have received a *pre-deprivation* bond hearing, but respondents detained him without providing such a hearing.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on March 17, 2026, Doc. 13, are ADOPTED in full;

2. The petition for writ of habeas corpus, Doc. 1, is GRANTED on the construed due process claim challenging petitioner's re-detention;

3. Respondents' motion to dismiss, Doc. 11, is DENIED;

4. Respondents are DIRECTED TO IMMEDIATELY RELEASE PETITIONER (A-Number: 023-215-472) from custody with the same conditions he was subject to immediately prior to his re-detention on July 29, 2025;

5. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

2

6.   The Clerk of Court is directed to close the case.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 7, 2026

_____
UNITED STATES DISTRICT JUDGE